RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0092p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

DEBORAH LUCILLE BLUE,
    *Defendant-Appellant.*

No. 07-5296

———————————

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 05-00098—Thomas A. Varlan, District Judge.

Submitted:  December 12, 2008

Decided and Filed:  March 9, 2009

Before:  MARTIN and KETHLEDGE, Circuit Judges; CARR, Chief District Judge.[*]

———————————

**COUNSEL**

**ON BRIEF:**  Kim Andrew Tollison, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant.  Michael E. Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

———————————

**OPINION**

———————————

    BOYCE F. MARTIN, JR., Circuit Judge.  Defendant Deborah Blue requests that her case "be remanded back to the district court for resentencing with instructions to grant a reduction in sentence for substantial cooperation."  Blue had moved the district court to grant a departure under Section 5K1.1 of the United States Sentencing

_____

    [*]The Honorable James G. Carr, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

Guidelines based on her substantial assistance, even though the government did not file a Section 5K1.1 motion. The district court denied her motion and did not depart from the Guidelines range under Section 5K1.1. Because the district court's sentence was reasonable, we AFFIRM the judgment.

I.

In August 2005, police executed a search warrant where Blue worked and seized 25.8 grams of cocaine base or "crack," as it is known, from a back room. Blue admitted that the crack was hers and that she helped sell it. Blue stated that the day after her arrest, she agreed to help the police set up her supplier by arranging for another drug delivery to be recorded. This sting led to her supplier's arrest and conviction.

Blue was indicted and charged with four counts of distributing cocaine base, one count of distributing five grams or more of cocaine base, and one count of possessing more than five grams of cocaine base with the intent to deliver. 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(B). The government offered Blue a plea agreement that would have required her to plead guilty to possession with intent to distribute five grams or more of cocaine in connection with her 2005 arrest and to plead guilty to an unindicted charge of possession of fifty grams of cocaine base with intent to distribute stemming from a 2002 drug arrest by Tennessee state police that had not resulted in a prosecution. As part of the agreement, the government stated that it would file a motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on Blue's substantial assistance. Blue rejected the plea agreement because she did not want to plead guilty to the unindicted 2002 charge. The government offered Blue a second plea agreement, which she accepted by pleading guilty to two counts of distributing cocaine base and one count of possession with intent to distribute five grams of cocaine base. The second plea agreement did not require Blue to plead guilty to the unindicted charge related to the 2002 arrest, nor did it commit the government to moving for a downward departure based on substantial assistance.

The parties proceeded to sentencing. A probation officer prepared a presentence report, calculating Blue's offense level as 35 and her criminal history category as VI.

The applicable Guidelines range was 292-to-365 months' imprisonment.  The report concludes that "the probation officer has no information concerning the offense of the offender which would warrant a departure from the prescribed sentencing guidelines."

Before her sentencing, Blue filed a motion for a downward departure from the Guidelines range under Section 5K1.1 based on her participation in setting up her supplier and recording the drug transaction between them.  The Guidelines instruct a sentencing court to consider a departure under Section 5K1.1 only upon motion of the government.  *See* U.S.S.G. § 5K1.1.  Blue argued before the district court that the government's only reason for withholding the motion was her refusal to plead guilty to the unindicted 2002 charge.  That, she said, was unfair because she had already assisted the government and only lost its support in seeking the departure because of her decision to exercise her constitutional right to a jury trial on the uncharged 2002 offense.

At Blue's sentencing hearing, the court heard oral argument on Blue's motion for downward departure and denied it, ruling that the government had articulated sufficient reasons for withholding a Section 5K1.1 motion and that its refusal to file it was not solely to penalize Blue for exercising her right to trial.  In so doing, the court observed that the government's decision not to file the substantial assistance motion was permissible, based on Blue's "refusal to sign the initial plea agreement," her "failure to acknowledge her involvement in drug trafficking about which the United States has information," and her "failure to fully and faithfully cooperate with the government." The district court further observed that "aside from the bare contention that the government's motive for refusing to grant a motion for a downward departure is unconstitutional, the Defendant has failed to articulate any real basis for her contention."

The parties otherwise agreed to the presentence report's Guidelines calculation. Referencing the information contained in the report as well as the Section 3553(a) factors, the court sentenced Blue to 292 months' imprisonment, eight years of supervised release and $300 in special assessments.  Blue now appeals this judgment, arguing only that the district court "erred in denying [her] [m]otion for [d]eparture for substantial assistance pursuant to U.S.S.G. § 5K1.1."

II.

We must begin by situating Blue's appeal in the context of appellate review of sentencing post-*Booker*—a task that, regrettably, the parties did not undertake in their briefs. "Post-*Booker*, we review a district court's sentencing determination under a deferential abuse-of-discretion standard, for reasonableness," *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008), and our inquiry is "limited to determining whether [a sentence is] reasonable." *Gall v. United States*, 128 S. Ct. 586, 595 (2007) (internal quotations omitted). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines range as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.* at 597. If there is no significant procedural error, this Court "consider[s] the substantive reasonableness," while giving "due deference" to the district court's consideration of the § 3553(a) factors. *Id.* Post-*Booker*, this Court generally "do[es] not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008).

Blue does not appeal the district court's decision not to vary from the advisory Guidelines in light of the Section 3553(a) factors. Rather, she challenges the district court's denial of her motion "for a departure of her sentence based on substantial cooperation pursuant to U.S.S.G. [§] 5K1.1."

III.

A.

Under the pre-*Booker* mandatory Guidelines regime, the departures outlined in Chapter 5 of the Guidelines provided a sentencing court with limited authority to impose a sentence outside the Guidelines range by considering "specific offender characteristics," "substantial assistance to authorities," or "other grounds for departure"

as described in Chapter 5 of the Guidelines. *See* U.S.S.G. §§ 5H, 5K, 5H1.1 (introductory commentary) ("The following policy statements address the relevance of certain offender characteristics to the determination of whether a sentence should be outside the applicable guideline range . . ."). Section 5K1.1, the departure at issue here, provides: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court *may* depart from the guidelines." U.S.S.G. § 5K1.1 (emphasis added).

Mandatory Guidelines meant that a sentencing court had discretion to sentence outside the Guidelines range only as prescribed by the Guidelines. Thus, with a Section 5K1.1 departure, a government motion was a condition precedent to reducing a sentence based on substantial assistance. *See Wade v. United States*, 504 U.S. 181, 185 (1992) (observing that the Government has a "power, not a duty, to file a substantial-assistance motion"); *United States v. Truman*, 304 F.3d 586, 591 (6th Cir. 2002) (recognizing the government's "exclusive gate-keeping authority over the triggering mechanism of § 5K1.1" and its "power to limit the court's exercise of discretion to depart downward" based on substantial assistance."). And during the government as "gate-keeper" era, the Supreme Court explained that the circumstances where federal courts could review the prosecution's withholding of a substantial-assistance motion were limited to cases where, "the refusal was based on an unconstitutional motive." *Wade*, 504 U.S. at 185-86. Typically, then, defendants predictably focused their attacks on improper withholding of a Section 5K1.1 motion, because only upon such a motion could a district court consider substantial assistance in sentencing.

Enter *Booker* and advisory Guidelines sentencing—now, sentencing courts are not constrained when they fashion "reasonable" sentences that are "sufficient [] but not greater than necessary," 18 U.S.C. § 3553(a), and therefore "appropriate for the individual defendant in light of the statutory sentencing factors . . . ." *Nelson v. United States*, 555 U.S. —, 2009 WL 160585 (2009). Thus, the departures described in Chapter 5, while still important, are not the only way a court may arrive at a sentence outside the

Guidelines range. The Seventh Circuit put it well: "If the court has a sound basis for concluding that a sentence above or below the Guidelines range is appropriate, it has the discretion to select such a sentence without the need to consider whether a departure would have been warranted in the pre-*Booker* era when the Guidelines were binding." *United States v. Blue*, 453 F.3d 948, 952 (7th Cir. 2006).[1] This description is consistent with the Supreme Court's recent clarification that district courts should not attach a presumption of reasonableness to a within-Guidelines range sentence. *Nelson*, 555 U.S.— , slip op. at 2. This means that post-*Booker*, the government's failure to file a Section 5K1.1 departure does not necessarily preclude a sentencing court from taking into account substantial assistance when considering the appropriate sentence in light of the Section 3553(a) factors.

Of course, it still matters whether a district court considers substantial assistance in response to a Section 5K1.1 motion by the government or in the context of the Section 3553(a) factors. Even after *Booker*, absent an unconstitutional motive, a district court may not award a Section 5K1.1 departure *pursuant to the Guidelines* without a government motion. And on appellate review, a properly granted Section 5K1.1 motion would "reflect[] a proper application of the Sentencing Guidelines," *Rita*, 127 S. Ct. at 2462, and thus be entitled to an appellate presumption of reasonableness, *see id.* (observing that "the presumption reflects the fact that . . . *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case."). By contrast, a variance imposed through application of the Section 3553(a) factors, which could be granted absent government motion to effect a "reasonable" sentence, would not be entitled to the same presumption.

---

[1]In the same breath, the Seventh Circuit observed that, "[a]fter *Booker*, which rendered the Guidelines advisory, departures have become obsolete." 453 F.3d at 952. "Obsolete" may be a bit strong—a departure described in the Guidelines, though now only advisory, exemplifies a special discretion because it is anticipated by the Guidelines Commission.

B.

Blue (in an argument well-suited to mandatory Guidelines-era sentencing) focuses her challenge exclusively on the government's failure to file a motion for a Section 5K1.1 departure.  At Blue's sentencing hearing, the court heard oral argument on the motion for a departure and recessed before pronouncing Blue's sentence to further consider the merits of Blue's argument that the government was impermissibly withholding a Section 5K1.1 motion.  Ultimately, the judge expressly declined to grant a departure stating:

> [T]he Court finds that, aside from the bare contention that the Government's motive for refusing to [file] a motion for downward departure is unconstitutional, the Defendant has failed to articulate any real basis for her contention.  Furthermore, the Court finds that the Government has articulated sufficient reasons for its refusal to make a motion for downward departure, specifically, Defendant's refusal to sign the initial plea agreement, Defendant's failure to acknowledge her involvement in drug trafficking about which the United States has information, and the Defendant's failure to fully and faithfully cooperate with the Government, as was a condition of the initial plea agreement offered to her.  Finally, while perhaps of limited relevance, the Court cannot fail to notice that the actual plea agreement entered into by the Defendant in this case does not require the Court – does not require the Government to make a motion for downward departure on her behalf, nor, obviously, has the Government done so.

> Accordingly, based upon its review of the entire record, in consideration of all the arguments presented, the Court will respectfully deny Defendant's motion for downward departure.  In light of all the things discussed, including the advisory nature of the Guideline Range and the relevant Section 3553 factors, and considering the arguments of the Government and the Defendant, the Court will impose a sentence in this case of 292 months.

As explained above, we do not review a decision not to impose a departure, "unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure." *Santillana*, 540 F.3d at 431.  The excerpted transcript above reveals that the district judge was aware of his discretion to stray from the Guidelines under *Booker*, but declined to do so.  Because the district court recognized its discretion,

we decline to review the district court's denial of Blue's motion for a downward departure based on U.S.S.G. § 5K1.1.

Because the Guidelines are advisory, even absent a Section 5K1.1 motion the court might have considered Blue's allegedly substantial assistance in the context of the Section 3553(a) factors. The sentencing transcript reflects that Blue's counsel made at least some effort to present such an argument when, after arguing his Section 5K1.1 motion, he alluded to Blue's assistance to the government during the more general discussion about the appropriate sentence. For example:

> A sentence below the guideline range would be reasonable for Ms. Blue in light of everything that's happened, and certainly that would take into consideration the earlier motion we made also. But you just can't walk in, I don't think you can just walk in and say, well you know, we're going to use somebody 'til we can't use them anymore and then we're going to throw them away. But that seems to be what's happening here.
>  . . .
> This lady needs to receive some credit for what she's done for the Government over the years.
> . . .
> To do what the Government is trying to do to this lady is just– it's not right. She needs some consideration for everything that she's tried to do.

But even if we construed these statements as a request for a variance under Section 3553(a), Blue nevertheless waived it. Here, on appeal, she did not argue that her sentence is procedurally unreasonable because the court failed to address a substantial assistance argument she made under Section 3553(a), nor does she press any argument regarding the substantive reasonableness of her sentence with respect to the Section 3553(a) factors. We therefore conclude that she has waived these arguments on appeal. *See Santillana*, 540 F.3d at 433 n.1.

## IV.

The district court imposed a reasonable sentence and we AFFIRM the judgment.