# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Submitted October 16, 2009      Decided December 8, 2009

No. 08-3079

UNITED STATES OF AMERICA,
APPELLEE

v.

KEVIN A. MOTLEY, ALSO KNOWN AS JEROME MOTLEY,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cr-00144-ESH-1)

*Steven R. Kiersh*, appointed by the court, was on the briefs for appellant.

*Roy W. McLeese III*, *Chrisellen R. Kolb,* and *Katherine M. Kelly*, Assistant U.S. Attorneys, were on the brief for appellee.

Before: ROGERS, GARLAND, and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*:  Pursuant to a plea agreement, Kevin Motley admitted to possessing with intent to distribute 50 grams or more of cocaine base.  Among other things, the

agreement required Motley to cooperate with law enforcement authorities. After concluding that Motley had provided substantial assistance, the government filed a motion asking the district court to sentence him below the applicable United States Sentencing Guidelines range, as provided by Guideline § 5K1.1. The government refused, however, to file a motion authorizing the court to sentence Motley below the statutory mandatory minimum sentence, as provided by 18 U.S.C. § 3553(e). Motley contends that the government's refusal denied him due process because it was irrational. We disagree and affirm the judgment of the district court.

I

On May 26, 2006, a grand jury in the District of Columbia charged Motley with four counts of distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and one count of possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). One month later, Motley entered into a plea agreement with the government, agreeing to plead guilty to an information charging him with a single count of possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Plea Agreement ¶ 1 (June 27, 2006). He further agreed to cooperate "fully, truthfully, completely and forthrightly" with law enforcement authorities. *Id.* ¶ 6(a).

In exchange for Motley's plea, the government agreed to dismiss the pending May 26 indictment. The plea agreement also discussed what steps the government might take with respect to Motley's cooperation under two provisions: (1) U.S.S.G. § 5K1.1, pursuant to which a court may -- "[u]pon motion of the government stating that the defendant has provided substantial assistance" -- sentence a defendant below

the Sentencing Guidelines range; and (2) 18 U.S.C. § 3553(e), pursuant to which a court may -- again, "[u]pon motion of the Government" -- sentence the defendant below the mandatory minimum statutory sentence "to reflect [the] defendant's substantial assistance." The plea agreement stated that, "[i]f the . . . United States Attorney's Office for the District of Columbia . . . determines that [Motley] provided substantial assistance, then th[e] Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford [him] an opportunity to persuade the Court that [he] should be sentenced to a lesser period of incarceration . . . than indicated by the Sentencing Guidelines." Plea Agreement ¶ 19. The agreement cautioned, however, that whether Motley "has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e) . . . is within the sole discretion of the United States Attorney's Office . . . and is not reviewable by the Court." *Id.* ¶ 7.

Particularly relevant for this appeal, the agreement emphasized that, "even if [the United States Attorney's Office] determines that [Motley] provided substantial assistance . . . for purposes of Section 5K1.1 . . . , th[e] Office reserves its right to decline to file a departure motion pursuant to 18 U.S.C. § 3553(e)." *Id.* ¶ 20. And it noted that, "[i]n the absence of a motion under 18 U.S.C. § 3553(e), the Court will be required to sentence [Motley] to at least the mandatory minimum period of incarceration" for the charge to which he pleads, "even if the Court decides to depart below the applicable guideline range." *Id.* The agreement stated that the charge to which Motley agreed to plead carried a statutory mandatory minimum prison term of 10 years. *Id.* ¶ 1.

On August 16, 2006, the government filed the agreed-upon information, and Motley entered the agreed-upon plea. At the plea hearing, Motley confirmed that he had read and signed the

government's factual proffer, and that he agreed with it. The proffer stated that, on or about June 13, 2006, members of the Metropolitan Police Department arrested Motley while he was in the act of selling 125 grams of "cocaine base, also known as crack." Proffer 1. The proffer also stated that Motley had sold 62-gram quantities of crack on four previous occasions. It further stated that, on May 19, 2005, police officers executed a search warrant at Motley's apartment and recovered two pistols from his bedroom.

During the plea hearing, the prosecutor advised the court that, as part of the parties' agreement, the government would not file "repeat papers," which would otherwise subject Motley to a statutory mandatory sentence of life imprisonment because of two prior convictions for narcotics distribution. Plea Hr'g Tr. 9 (Aug. 16, 2006).[1] The prosecutor noted, however, that as a result of those convictions, Motley remained a "career offender." Plea Hr'g Tr. 9 (Aug. 16, 2009). If there were no Guidelines adjustments or departures, the prosecutor said, the Guidelines sentencing range would be 360 months to life. *See id.*

Finally, with respect to the cooperation agreement, the court told Motley:

---

[1]*See* 21 U.S.C. § 841(b)(1)(A) (providing that any person who "commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment"); 21 U.S.C. § 851(a)(1) (providing that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon").

> . . . . You must understand that[] whether or not [the government is] satisfied with the extent of your cooperation, that is[,] whether they're going to file what's called a 5K motion[] and a motion under 3553[,] is within the government's discretion.
>
> I cannot control it. . . . I can't go below the mandatory [10 years] without such a motion, and the guidelines will be applicable, although advisory, in the absence of a motion.
>
> So I have no ability to review their decision. You can't withdraw your plea if they don't come through because they don't find your cooperation adequate or sufficient or they don't think it's forthright. You have to understand it's their call, the government's, and not mine.

*Id.* at 11-12. Motley stated that he understood. *Id.* at 12.

In June 2008, the government filed a sentencing motion. Motion in Aid of Sentencing and Motion for Departure from the Recommended Guidelines Sentence (June 7, 2008) (hereinafter Sentencing Motion). The motion noted that Motley was a "career offender" under U.S.S.G. § 4B1.1(A) because he had two prior felony convictions for controlled substance offenses. *Id.* at 3. Accordingly, in light of Motley's offense level and criminal history category, and after an adjustment to reflect his acceptance of responsibility by pleading guilty, the Guidelines range was 262 to 327 months' imprisonment. *See id.* at 3-4. However, because the government concluded that Motley had provided substantial assistance to law enforcement, it asked the court -- pursuant to § 5K1.1 -- to depart downward from the Guidelines and impose a sentence of between 120 and 135 months.

But the government declined to move the court -- pursuant to 18 U.S.C. § 3553(e) -- to depart below the mandatory minimum sentence of 120 months. It explained that Motley's "long-term and extensive history of drug dealing . . . and the level of respect he enjoyed around the neighborhood, suggest[ed] that [he] had a more intimate knowledge of the violence around that area than he chose to share." Sentencing Motion 5. In light of this and other factors, the government concluded that, although Motley's cooperation was sufficient "to warrant a significant departure from [the] Guideline sentence calculation of 262 to 327 months of imprisonment," *id.* at 9, it was not "sufficient to earn him a departure from the mandatory minimum sentence," *id.* at 8. At the next status hearing, held on June 27, 2008, the district court advised the prosecutor that it was "very troubled" that the government had filed a § 5K1.1 motion without also filing a motion pursuant to 18 U.S.C. § 3553(e), and it directed the government to better explain its rationale. Hr'g Tr. 2 (June 27, 2008); *see id.* at 8. Thereafter, the government filed, under seal but available to defense counsel, a memorandum further explaining its reasons for declining to file a § 3553(e) motion.

Motley's sentencing hearing was held on July 22, 2008. At the hearing, the government represented that, at the district court's request, it had reexamined "the facts surrounding [Motley's] cooperation and non cooperation" and stood by its original position. Sentencing Hr'g Tr. 4 (July 22, 2008). In response, the court acknowledged that it did not have authority to require the government to file a departure motion under § 3553(e), and that, in the absence of such a motion, it could not impose a sentence below the statutory minimum. *See id.* at 3-4, 8. The court stated that the government "appeared to have operated in good faith and not discriminated" in declining to file a § 3553(e) motion, and it acknowledged that the government "may be right in terms of the level of cooperation" that Motley

provided.  *Id.* at 3-4.  Thereafter, the court sentenced Motley to the mandatory minimum sentence of 120 months' incarceration. *See id.* at 5, 11.  This appeal followed.

II

Motley maintains that the government's refusal to file a departure motion under § 3553(e) was unlawful, and that the district court therefore erred in thinking that it was without authority to sentence him to less than 120 months in prison.  The parties differ as to our standard of review.  Motley contends that he raised an appropriate objection in the district court.  If he did, and if the court erred, then we must vacate the sentence and remand for resentencing unless the error was harmless.  *See United States v. Coumaris*, 399 F.3d 343, 347 (D.C. Cir. 2005). The government contends that Motley did not adequately object below, and that we therefore may not overturn the sentence -- even if the court erred -- unless any error was plain.  *See id.* Because we conclude that the court did not err, we need not decide between those two standards.

Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), there were two important constraints on a district court's sentencing authority.  First, the court was generally required to impose a sentence from within the range prescribed by the Sentencing Guidelines.  *See In re Sealed Case (Sentencing Guidelines' "Substantial Assistance")*, 181 F.3d 128, 130 (D.C. Cir. 1999) (en banc) (citing 18 U.S.C. § 3553(b) (1997)).  Under certain circumstances, however, the court could depart downward from that sentencing range.  *See id.* at 131.  In particular, U.S.S.G. § 5K1.1 provides that:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has

committed an offense, the court may depart from the guidelines.

U.S.S.G. § 5K1.1. In *In re Sealed Case (Sentencing Guidelines' "Substantial Assistance")*, this court held that a district court could make such a departure for substantial assistance *only* upon a motion by the government. *See* 181 F.3d at 136.

In *Booker*, the Supreme Court excised the statutory section that had made the Guidelines mandatory, thus rendering them advisory. 543 U.S. at 245; *see United States v. Bras*, 483 F.3d 103, 105 (D.C. Cir. 2007). As a consequence, numerous circuits have since held that a sentencing judge may now take a defendant's cooperation with authorities into account in crafting an appropriate sentence, even if the government declines to file a motion pursuant to § 5K1.1.[2] Nonetheless, as a procedural matter a sentencing court must still begin its analysis by calculating the correct Guidelines sentence. *See Nelson v. United States*, 129 S. Ct. 890, 891 (2009); *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).[3] Most (but not all) circuits have held that calculating the correct Guidelines sentence includes taking into account any traditional Guidelines-based departure, such as that authorized

---

[2]*See, e.g.*, *United States v. Fernandez*, 443 F.3d 19, 21, 33 (2d Cir. 2006); *United States v. Blue*, 557 F.3d 682, 686 (6th Cir. 2009); *United States v. Knox*, 573 F.3d 441, 453 (7th Cir. 2009); *United States v. Doe*, 398 F.3d 1254, 1259 (10th Cir. 2005); *see also United States v. Gardellini*, 545 F.3d 1089 (D.C. Cir. 2008) (affirming, without referencing § 5K1.1, a below-Guidelines sentence that was based in part upon the defendant's cooperation).

[3]Thereafter, the court must "consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the [Guidelines range] with reference to" those factors. *Nelson*, 129 S. Ct. at 891-92.

upon a government motion by § 5K1.1.[4]  In this case, the government sought and the court granted a Guidelines departure under § 5K1.1.

The second constraint on sentencing was (and is) any applicable mandatory minimum sentence set forth in the statute that the defendant violated.  The relevant statute here, 21 U.S.C. § 841, contains a mandatory minimum, providing that any person convicted of possessing with intent to distribute 50 grams or more of cocaine base "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."  21 U.S.C. § 841(b)(1)(A); *see id.* § 841(b)(1)(A)(iii).  As noted in Part I, Motley admitted that he possessed with intent to distribute more than 50 grams of cocaine base.  Plea Agreement ¶ 1.  And he does not suggest that anything in *Booker* affects the application of the 10-year (120-month) mandatory minimum sentence to his case.  *See United States v. Duncan*, 413 F.3d 680, 683 n.3 (7th Cir. 2005) (noting that the "courts of appeals to have addressed this issue have concluded that *Booker* does not apply to statutory mandatory minimum sentences").

---

[4]*See United States v. Wallace*, 461 F.3d 15, 32 (1st Cir. 2006); *United States v. Fernandez*, 443 F.3d 19, 26, 33 (2d Cir. 2006); *United States v. Vazquez-Lebron*, 582 F.3d 443, 445 (3d Cir. 2009); *United States v. Davis*, 478 F.3d 266, 273 (5th Cir. 2007); *United States v. Blue*, 557 F.3d 682, 686 (6th Cir. 2009); *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006); *United States v. Crawford*, 407 F.3d 1174, 1179, 1181-83 (11th Cir. 2005).  *Compare United States v. Fancher*, 513 F.3d 424, 427 n.1 (4th Cir. 2008) (including traditional departures in the Guidelines calculation), *with United States v. Hawes*, 309 F. App'x 726, 732 n.2 (4th Cir. 2009) (unpublished opinion) (suggesting that *Gall* may have rendered this requirement obsolete).  *But see United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005) (finding "that the concept of 'departures' has been rendered obsolete in the post-*Booker* world"); *United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006) (same).

As with a traditional departure from the Guidelines, there are circumstances under which a district court may depart from the statutory minimum sentence. In terms that parallel the language of § 5K1.1, section 3553(e) states:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

18 U.S.C. § 3553(e). The Supreme Court has made clear that § 3553(e) "requires a government motion . . . before the court may impose such a sentence." *Melendez v. United States*, 518 U.S. 120, 125-26 (1996); *see In re Sealed Case*, 181 F.3d at 133.

The government's refusal to file a § 3553(e) motion, however, is not unreviewable. A district court may, for example, grant relief if the government's refusal breaches its agreement to file such a motion. *In re Sealed Case*, 181 F.3d at 142; *see Wade v. United States*, 504 U.S. 181, 185 (1992). No such breach is claimed here.[5] In addition, "district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive[,] . . . say, because of the defendant's race or religion." *Wade*, 504 U.S. at 186. Again, Motley does not claim that the government had a discriminatory motive in this case, and, to the contrary, the

---

[5]*See* Plea Agreement ¶ 20 (advising Motley that, "even if the . . . United States Attorney's Office for the District of Columbia determines that [he] provided substantial assistance . . . for purposes of Section 5K1.1 . . . , th[e] Office reserves its right to decline to file a departure motion pursuant to 18 U.S.C. § 3553(e)").

district court concluded that the government "appeared to have operated in good faith and not discriminated." Sentencing Hr'g Tr. 3 (July 22, 2008).

Finally, a court may grant a remedy if it finds that the government's refusal to file a § 3553(e) motion violates due process because it is "not rationally related to any legitimate government end." *Wade*, 504 U.S. at 186; *see In re Sealed Case*, 181 F.3d at 142; *United States v. White*, 71 F.3d 920, 924 (D.C. Cir. 1995). That is Motley's sole claim here. *See* Appellant's Br. xv. Motley notes that both § 5K1.1 and § 3553(e) permit motions based upon substantial assistance, and that the government stated he had provided such assistance when it filed its motion under § 5K1.1. Arguing that there is no difference in the meaning of "substantial assistance" under the two provisions, he contends that it was irrational for the government to file under § 5K1.1 and not under § 3553(e). This contention has two defects.

First, Motley's implicit suggestion that the government must file a § 3553(e) motion *any* time it files a § 5K1.1 motion is inconsistent with the Supreme Court's decision in *Melendez v. United States*. There, the Court held that a government motion under § 5K1.1, "attesting to the defendant's substantial assistance in a criminal investigation and requesting that the district court depart below the minimum of the applicable sentencing range under the Sentencing Guidelines," does *not* also permit "the district court to depart below any statutory minimum sentence." *Melendez*, 518 U.S. at 122. The district court does not have the latter authority, the Supreme Court held, unless the government files a motion expressly requesting or authorizing such a departure pursuant to § 3553(e). *Id.* at 125-26. Although the Court did not specifically address whether a court could compel the government to file a motion under § 3553(e) merely because the government filed one under

§ 5K1.1, the plain implication of the Court's opinion is that it cannot. *See id.* at 130 ("What is at stake in the long run is whether the Government can make a motion authorizing the district court to depart below the Guidelines range but withholding from the district court the power to depart below the statutory minimum.").

Second, Motley's contention that it is necessarily irrational for the government to refuse to file under § 3553(e) once it finds that a defendant has provided substantial assistance misapprehends the role that substantial assistance plays in a § 3553(e) (or § 5K1.1) motion. As the Supreme Court explained in *Wade v. United States*, "although a showing of assistance is a necessary condition for relief, it is not a sufficient one." 504 U.S. at 187; *see id.* at 185 (stating that both § 3553(e) and § 5K1.1 "give[] the Government a power, not a duty, to file a motion when a defendant has substantially assisted"); *White*, 71 F.3d at 923 (declaring that "the mere fact that the defendant has rendered substantial assistance does not entitle the defendant to a government motion"). Because substantial assistance is only a threshold requirement, *see White*, 71 F.3d at 924, the government may have reasonable grounds for declining to file for a departure notwithstanding that the defendant has provided such assistance. As the *Wade* Court noted, "the Government's decision not to move may [be] based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." 504 U.S. at 187. And just as it may be rational for the government to decline to move under either § 5K1.1 or § 3553(e) even if the defendant has provided substantial assistance, a "rational assessment of the cost and benefit" may lead the government to move for a departure under § 5K1.1 but not for a further departure under § 3553(e).

The government has articulated such a rational assessment here.[6] It acknowledges that Motley provided substantial assistance with respect to certain law enforcement investigations, and that he therefore deserved a lower sentence than he would otherwise have received. It notes, however, that by agreeing not to file repeat papers, it saved Motley from a statutory mandatory sentence of life imprisonment. *See* 21 U.S.C. § 851(a)(1); *id.* § 841(b)(1)(A). Moreover, it also filed a motion under § 5K1.1 for a departure from the Sentencing Guidelines, which ultimately led to a sentence of 120 months rather than a Guidelines sentence of 262-327 months.

The government's position is that Motley's assistance justified such a substantial sentence reduction, but not more. That position is not irrational. As the government explained to the district court, its recommended sentence "represent[ed] a significant reduction in [Motley's] applicable guideline range, while recognizing that [he] has significant criminal culpability." Sentencing Motion 9. The government also believed that Motley had been less than fully forthcoming in his discussions with law enforcement. His "long-term and extensive history of drug dealing . . . and the level of respect he enjoyed around the neighborhood, suggest[ed] that [he] had a more intimate knowledge of the violence around that area than he chose to share." *Id.* at 5. "In addition, at least one [prosecutor] questioned [his] truthfulness." *Id.*

---

[6]Because the government has explained its rationale, we need not determine the circumstances under which it may be required to do so. *Cf. Wade*, 504 U.S. at 186, 187 (holding that Wade's claim that the government "arbitrarily" withheld a substantial assistance motion "failed to rise to the level warranting judicial enquiry" (internal quotation marks omitted)).

The government has a legitimate interest in ensuring that the sentence the court imposes "reflect[s] the seriousness of the offense" and "provide[s] just punishment." 18 U.S.C. § 3553(a)(2) (listing factors a district court must consider in imposing a sentence). And it surely was rational for the government to conclude that, although substantial assistance may have justified substantially reducing Motley's potential sentence, his repeated drug dealing was still sufficiently serious to require a sentence of at least 120 months' incarceration. Moreover, as this court recognized in *United States v. White*, "the government has a legitimate interest in having a defendant provide more assistance [rather] than less." 71 F.3d at 924. Hence, it was also rational for the government to decline to move for the full departure permitted by § 3553(e) when it had doubts about the completeness of Motley's cooperation. In light of these circumstances, we detect no due process violation in the government's refusal to file a § 3553(e) motion.

## III

Because the government's refusal to file a departure motion was "rationally related to [a] legitimate Government end," *Wade*, 504 U.S. at 186, we reject Motley's challenge to his sentence and uphold the judgment of the district court.

*Affirmed.*