**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0244n.06

**No. 08-6541**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 20, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RAPHAEL CORTEZ HOWE, II, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COOK and McKEAGUE, Circuit Judges, and HOOD, District Judge[*].

COOK, Circuit Judge. Raphael Howe appeals as substantively unreasonable his 151 months sentence imposed after he pleaded guilty to possessing five or more grams of cocaine with intent to distribute and possessing a firearm as a convicted felon. Careful consideration of the arguments Howe advances reveals no abuse of discretion in the district court's below-Guidelines sentencing and we thus affirm.

A sentence is substantively unreasonable where the district court "bas[es] the sentence on impermissible factors . . . or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). We rebuttably presume within-Guidelines sentences to be reasonable, and where the district court's exercise of its discretion leads to its

---

[*]The Honorable Joseph Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

imposing a below-Guidelines sentence, "simple logic compels the conclusion that . . . [the] defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

The first of Howe's two arguments for substantive unreasonableness criticizes the district court for allegedly constraining its assessment to the pre-*Booker* regime that recognized only extraordinarily abusive childhood circumstances as warranting sentence reduction. Had the court appreciated the full extent of its post-*Booker* discretion to *vary* from the Guidelines—without demanding extraordinariness associated with a *departure*—the argument goes, it likely would have sentenced Howe more leniently. We "recognize two paths by which a sentencer may rely on a defendant's family circumstances to arrive at a sentence below the recommended range: (1) Guidelines-based departures . . . and (2) variances from the advisory range in light of the § 3553(a) factors." *United States v. Elliot*, 327 F. App'x 540, 546 (6th Cir. 2009) (citing *United States v. Blue*, 557 F.3d 682, 687 (6th Cir. 2009)). Here, the sentencing transcript confirms that in first calculating the appropriate Guidelines sentence, the district court decided to depart downward by two levels from the agreed PSR-calculation in consideration of Howe's troubled childhood. Yet, Howe contends that this "modest variance" failed to adequately account for his compelling grounds for leniency.

The record belies Howe's theory that the court misapprehended the breadth of its discretion. First, the court expressly acknowledged awareness "of its discretion in the sentencing options." (Tr. at 57, 67.) Second, it discussed the drug addiction and abuse circumstances with both Howe and his mother when each testified in mitigation. Nor did the court—as Howe's argument

suggests—improperly rely on the Guidelines to the exclusion of other 18 U.S.C. § 3553(a) factors. After granting the two-level downward departure, the district court moved on to consider the sentencing factors, explicitly addressing several of them to arrive at a sentence—as he twice repeated—sufficient, but not greater than necessary, to meet the goals of § 3553(a). While the court evinced an appreciation of the severity of the Howe's childhood trauma—calling it "tragic" in deciding to depart two levels—it also emphasized Howe's responsibility to conduct himself within the law. (Tr. at 56.) The court's sentencing discussion persuades us that it was unmoved by the defense's argument for a variance. Howe's sentence at the bottom of that reduced range fell within the court's discretion.

Howe's second argument centers on his critique of the Guidelines' overemphasis on small-quantity prior drug convictions and the district court's purported misunderstanding of the argument or its "short shrift" treatment of it. Given our abuse-of-discretion standard of review together with the presumption of reasonableness we accord to this (below)-Guidelines sentence, Howe's challenge cannot succeed. Even dispensing with the virtually insurmountable hurdles the standards of review present, the transcript reflects a balanced, individualized consideration of the sentencing factors in light of Howe's arguments. While the drug convictions fall into the minor range, the court observed that several involved firearms, a feature Howe ignores. And the court's expressed concern that Howe had become a menace to society and to himself, necessitating a meaningful term of incarceration to break the cycle, likewise supports the soundness of the court's exercise of its discretion.

Accordingly, we **AFFIRM** the judgment of the district court.