NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0168n.06

No. 11-6229

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FEB **1 3** 2013

**DEBORAH S. HUNT, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| KENNETH DALE PHILLIPS, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN and GILMAN, Circuit Judges; FOWLKES, District Judge.[*]

PER CURIAM. Kenneth Dale Phillips appeals from the sentence imposed against him in this criminal case.

Phillips pleaded guilty to possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court determined that, because Phillips was a career offender, his base offense level was thirty-seven. The court subtracted three levels for acceptance of responsibility, resulting in a total offense level of thirty-four. Based on the total offense level of thirty-four and a criminal history category of VI, Phillips's advisory sentencing guidelines range was 262 to 327 months of imprisonment. Other adjustments resulted in an advisory sentencing guidelines range of 168 to 210 months of imprisonment. The district court sentenced Phillips to 180

---

[*]The Honorable John T. Fowlkes, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

months of imprisonment, to be served consecutively to a previously imposed fourteen-year state sentence for cocaine distribution.

On appeal, Phillips argues that his sentence is both procedurally and substantively unreasonable. He first argues that the district court gave undue weight to the need to avoid unnecessary sentencing disparities, thereby effectively treating the guidelines as mandatory. Phillips further argues that the district court erred in several ways when deciding that his federal sentence would run consecutively to his state sentence. Specifically, he asserts that the court failed to properly consider the factors set forth in USSG § 5G1.3(c) cmt. n.3(A); that the court improperly employed a presumption that favored consecutive sentences; and that the court relied on speculative facts concerning when he would be paroled from his state sentence.

We generally review a sentence "under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (internal quotation marks and citation omitted). A sentence may be procedurally unreasonable if the district court treated the guidelines as mandatory, failed to consider the statutory sentencing factors, or selected a sentence based on clearly erroneous facts. *United States v. Warman*, 578 F.3d 320, 350 (6th Cir. 2009). Because Phillips failed to raise his procedural objections when given the opportunity to do so by the district court at the conclusion of the sentencing hearing, we review those claims for only plain error. *See United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012). A sentence may be substantively unreasonable if the district court failed to consider pertinent sentencing factors or gave an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

The district court did not plainly err or abuse its discretion in imposing Phillips's sentence. Despite Phillips's argument to the contrary, the district court did not give improper weight to the need to avoid sentencing disparities or effectively treat the sentencing guidelines as mandatory. Rather, the court reasonably concluded that imposing a guidelines sentence would promote the goal of avoiding unwarranted sentencing disparities, and weighed that factor with several other pertinent factors when selecting Phillips's sentence. In addition, before deciding that Phillips's federal sentence would run consecutively to his state sentence, the district court discussed with defense counsel its obligation to consider section 5G1.3(c), and gave proper consideration to the factors listed in section 5G1.3 cmt. n.3(A). *See United States v. Hall*, 632 F.3d 331, 336 (6th Cir. 2011). Finally, the district court's explanation of the sentence makes clear that, when determining whether Phillips's federal sentence would run consecutively to his state sentence, the court neither employed a presumption that the sentences should be consecutive, nor based its decision on a particular factual finding concerning when Phillips would be paroled from his state sentence.

Accordingly, we affirm the district court's judgment.