NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0037n.06

No. 12-2111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jan 16, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| JAMES EDWARD WIEDERHOLD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM.  James Edward Wiederhold, a federal prisoner, appeals the sentence imposed following his guilty plea to a charge of wire fraud, 18 U.S.C. § 1343.

Wiederhold and several co-defendants operated a fraudulent investment scheme.  They took nearly a million dollars from victims, made none of the promised investments, and spent the money themselves.  Wiederhold pled guilty pursuant to a plea agreement.  The district court determined that the sentencing guidelines range was 63 to 78 months, and sentenced Wiederhold to 72 months of imprisonment.

On appeal, Wiederhold argues that his sentence is procedurally unreasonable because the district court improperly applied a four-level enhancement to his offense level for being an organizer or leader, pursuant to USSG § 3B1.1(a).  Instead, he asserts that he was actually a manager or supervisor subject to a three-level enhancement under § 3B1.1(b).  He also argues that his sentence is substantively unreasonable because the district court did not properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a).

A sentence may be procedurally unreasonable where the district court errs in calculating the guidelines range. *See United States v. Blue*, 557 F.3d 682, 684 (6th Cir. 2009). Wiederhold argues that such an error occurred when the district court determined that he was an organizer or leader of the criminal enterprise. A district court's determination that an enhancement for being an organizer or leader is appropriate under § 3B1.1(a) is subject to a deferential standard of review. *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013). Wiederhold contends that two of his co-defendants were responsible for starting the investment scheme, and that he did not receive a larger share of the victims' money; therefore, he was improperly found to be an organizer or leader. However, Wiederhold admitted at his plea hearing that he was involved from the start of the scheme, and his name was included in the bogus prospectus that was given to the victims. Further, the evidence showed that more of the ill-gotten gains went to Wiederhold and certain family members who assisted him than to the other co-defendants. We therefore defer to the district court's determination that Wiederhold was an organizer or leader of the scheme because it is supported by the record and not clearly erroneous.

Wiederhold next argues that his sentence is substantively unreasonable because the district court did not properly weigh the sentencing factors. However, by the terms of his plea agreement, Wiederhold retained only the right to appeal that the guidelines range was incorrectly determined and that a sentence was greater than the statutory maximum or based on unconstitutional factors. Wiederhold's argument here is not one of those that he retained the right to raise on appeal. A defendant may waive his appeal rights, so long as the waiver is knowing and voluntary. *See United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). Wiederhold does not argue that his appeal waiver was unknowing and involuntary. Thus, we will enforce the plea agreement.

Accordingly, we affirm the district court's judgment.