**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0201n.06

**Nos. 10-6397, 10-6398**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Feb 21, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| DOUGLAS C. BRYANT, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: COLE and STRANCH, Circuit Judges; CARR, District Judge.[*]

**JANE B. STRANCH, Circuit Judge**. Defendant Douglas Bryant received a sentence of 235 months' imprisonment after pleading guilty to a drug offense. Because the same conduct constituted a violation of a supervised release condition from an earlier offense, he was also sentenced to a consecutive term of imprisonment of fifty-one months. In this consolidated appeal, Bryant challenges (1) the imposition of the career offender sentencing enhancement for his drug offense sentence, (2) the constitutionality of his supervised release sentence under the Ex Post Facto clause, and (3) the procedural and substantive reasonableness of his drug offense sentence.[1] For the following reasons, we **AFFIRM** Bryant's sentences.

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]Although the third issue is not listed in the Issues Presented section of Bryant's brief, it is separated with an independent heading in the Argument section.

## I.  BACKGROUND

In 2001, Bryant pled guilty to drug and firearm offenses and was sentenced to a term of imprisonment which was eventually reduced to 100 months, followed by four years of supervised release.  Bryant left prison in June 2008.  In February 2010—less than halfway through his term of supervised release—Bryant was arrested for possessing cocaine after he tried to flee the scene of a controlled drug purchase.[2]  He pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  As a result of being deemed a career offender as defined in USSG § 4B1.1 (2009), Bryant had an adjusted offense level of 31 and a criminal history category of VI, resulting in a Guidelines range of 188-235 months.[3]  The district court, primarily relying on Bryant's extensive criminal record, imposed a sentence at the upper end of this range.  For violating the terms of his supervised release conditions from his 2001 conviction, the court gave Bryant a "break" due to his cooperation with authorities by imposing a sentence at the lower end of the 51-60 month Guidelines range.  The court ordered these sentences to run consecutively.  *See* USSG § 7B1.3(f).  Bryant filed a timely appeal.

## II.  DISCUSSION

**A.      Career Offender Enhancement**

---

[2]The Presentence Report indicates he had several other problems during this time, including failed drug tests and arrests for domestic violence.

[3]Without the enhancement, his adjusted offense level and criminal history category would have been 12 and V, respectively, resulting in a Guidelines range of 27-33 months.

Bryant argues that he should not have been deemed a career offender under USSG § 4B1.1 because one of the predicate offenses, a 1996 state robbery conviction for which he was sentenced to four years' imprisonment, was "too remote." "We review *de novo* a district court's conclusion that a crime qualifies as a predicate offense for the career-offender designation." *United States v. Skipper*, 552 F.3d 489, 491 (6th Cir. 2009). The Guidelines provide that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted" for Guidelines purposes. USSG § 4A1.2(e)(1). Bryant does not contest the fact that less than fifteen years elapsed between July 1996 (when the sentence for the predicate offense was imposed) and February 2010 (when the instant offense occurred). Accordingly, Bryant's claim that the 1996 conviction cannot serve as a predicate for career offender purposes lacks merit.

Next, Bryant states that application of the career offender enhancement resulted in a sentence that was "excessive, harsh, unnecessary and acts in violation of the spirit of the provisions set out in 18 U.S.C. § 3553(a)" because of the extent to which it raised the Guidelines range. We construe this as a claim of substantive unreasonableness,[4] *see United States v. Warman*, 578 F.3d 320, 350 (6th Cir. 2009), which we review under a deferential abuse-of-discretion standard, *United States v. Jones*, 641 F.3d 706, 711 (6th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

---

[4]Although Bryant references a case for the proposition that the career offender enhancement is discretionary rather than mandatory, which suggests a procedural reasonableness challenge, Bryant does not actually claim that the district court believed it lacked discretion to deny the enhancement. Indeed, the court expressly observed that the enhancement is discretionary, which Bryant seems to recognize by his explanation for the district court judge's decision to exercise this discretion: "Because he could."

Bryant's sentence is presumed to be reasonable because it is within the properly-calculated Guidelines range. *United States v. Alexander*, 543 F.3d 819, 826 (6th Cir. 2008).

A sentence is substantively unreasonable "if it is selected arbitrarily, if it is based on impermissible factors, if it fails to consider a relevant sentencing factor, or if it gives an unreasonable amount of weight to any pertinent factor." *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011) (quoting *United States v. Rosenbaum*, 585 F.3d 259, 267 (6th Cir. 2009)). To the extent that Bryant alleges his sentence is unreasonably long solely because the career offender enhancement was applied, this argument is derivative of his earlier objection to being deemed a career offender and may be rejected for the same reason. *Skipper*, 552 F.3d at 493. A review of the record also demonstrates that the district court properly assessed the § 3553(a) factors, including review of Bryant's "consistent and constant" criminal activity, domestic abuse issues, record of gun possession, substance abuse, the danger he presents to the public, etc. The court did not abuse its discretion in imposing the sentence in light of the record and relevant Guidelines provisions. *See Massey*, 663 F.3d at 861.

**B.      Supervised Release Sentence**

Bryant argues that applying USSG § 7B1.4(a) to establish a Guidelines range for the sentence he received for violating his supervised release conditions infringes on the Ex Post Facto clause of the United States Constitution. This Court has previously rejected the assertion that the Ex Post Facto clause is implicated by sentences for the violation of a supervised release condition. "Because supervised release, unlike the previous parole system, is a form of punishment that is separate from the maximum incarceration period that attaches to the original offense, a violation of that supervised

release also results in a separate punishment that does not implicate the Ex Post Facto Clause."

*United States v. Reese*, 71 F.3d 582, 588 (6th Cir. 1995). "In effect, a sentence for violation of

supervised release is a sentence for a new offense[.]" *United States v. Waters*, 158 F.3d 933, 944

(6th Cir. 1998). Accordingly, we find no constitutional violation in the use of the Guidelines range

contained in USSG § 7B1.4(a).

**C.      Reasonableness of Drug Offense Sentence**

In the final subsection of his brief, Bryant re-raises his previous concerns that the career

offender enhancement was improperly added and resulted in an excessive sentence. Because Bryant

provides no additional argument or explanation for why the enhancement was erroneous or led to

a substantively unreasonable sentence, we reject Bryant's argument for the reasons provided above.

*Skipper*, 552 F.3d at 493.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** Bryant's sentences in each of the consolidated cases.