NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0659n.06

No. 11-1599

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jun 21, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JODY MICHAEL WILLIAMS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; COHN, District Judge.[*]

PER CURIAM. Jody Michael Williams appeals his sentence. Following our review, we affirm.

In December 2010, Williams pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court set his sentencing hearing for March 2011. Two weeks before he was scheduled to be sentenced, Williams moved to continue the hearing until two co-conspirators entered their anticipated guilty pleas. Williams argued that postponing the hearing would provide the court with additional information concerning his role in the conspiracy and relative level of culpability. The district court denied the motion, concluding that Williams failed to demonstrate good cause for a continuance.

_____

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

At the sentencing hearing, the district court determined that Williams's total offense level was 27, which included a two-level increase under USSG § 3B1.1(c) for his role in the offense, and that his criminal history category was IV, resulting in a guidelines range of imprisonment of 100 to 125 months. The district court sentenced Williams to 100 months in prison. On appeal, Williams asserts three claims of error: (1) the district court abused its discretion by denying his motion to continue the sentencing hearing; (2) the district court erred by denying his request for a downward departure under USSG § 4A1.3(b)(1) on the basis that his criminal history category overrepresented the seriousness of his criminal history and his likelihood to recidivate; and (3) the district court erred by denying his request for a downward variance on the basis that marijuana should no longer be classified as a Schedule I drug, and the court failed to adequately explain its decision to deny the variance.

We review a district court's denial of a motion to continue a sentencing hearing for an abuse of discretion. *United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010); *United States v. Robbins*, 197 F.3d 829, 847 (7th Cir. 1999). The district court did not abuse its discretion by denying Williams's motion to continue the sentencing hearing because Williams failed to demonstrate that postponing the hearing was likely to result in the discovery of additional information that was necessary to impose a proper sentence. The presentence report contained detailed information regarding the actions of the conspirators, including Williams's role in retrieving drug shipments and directing other individuals concerning the shipment of drugs and drug proceeds. Further, despite the denial of the continuance, defense counsel was able to discuss in detail at the sentencing hearing the role of each individual in the conspiracy and Williams's relative level of culpability.

No. 11-1599
*United States v. Williams*

We cannot review the district court's denial of a request to depart downward under § 4A1.3(b)(1) unless there is clear evidence demonstrating that the court misunderstood its discretion to depart from the guidelines. *See United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). There is no such evidence here. The court considered Williams's request for a downward departure, but denied it, accepting the government's argument that Williams's criminal history category did not substantially overrepresent the seriousness of his criminal history or his likelihood to recidivate. *See United States v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009).

Finally, the district court did not abuse its discretion in denying Williams's request for a downward variance. *See United States v. Massey*, 663 F.3d 852, 856-57 (6th Cir. 2011). The court adequately explained that its decision to reject the request was based on the fact that marijuana is a gateway drug that leads to more serious drug use, and the rejection was reasonable, given that marijuana remains a Schedule I drug. *See Gonzales v. Raich*, 545 U.S. 1, 15 & n.23 (2005).

Accordingly, we affirm the district court's sentence.