KAREN NELSON MOORE,
concurring in part and concurring in the judgment.
I write separately on the issue of Douglas’s designation as a career offender. I agree with the majority that Douglas failed to object to the application of the career-offender guideline. When a defendant does not object to the determination that a prior conviction qualifies as a predicate offense under the career-offender guideline, and the government does not urge plain-error review, we review the issue de novo. United States v. Rodriguez, 664 F.3d 1032, 1035 (6th Cir.2011); United States v. Wynn, 579 F.3d 567, 570 (6th Cir.2009). Here, however, the government argued that Douglas did not object to the guidelines calculation and urged the court to apply plain-error review. Appellee Br. at 26-28. Accordingly, plain-error review applies.
In the district court, the government has the burden to prove that a prior conviction is a predicate offense for the career-offender guideline. United States v. Anglin, 601 F.3d 523, 530 (6th Cir.2010). But in this court when we review for plain error, “the burden of establishing entitlement to relief for plain error is on the defendant claiming it.” United States v. Dominguez Benitez, 542 U.S. 74, 82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). Douglas presents no argument on the final two steps of plain-error review: that any error by the district court “affected the defendant’s substantial rights” and “seriously affected the fairness, integrity or public reputation of judicial proceedings.” United States v. Massey, 663 F.3d 852, 856 (6th Cir.2011). “[T]he phrase ‘affect substantial rights’ is generally synonymous with ‘prejudicial,’ which ‘usually means that the error must have affected the outcome of the district court proceedings.’ ” United States v. Barnett, 398 F.3d 516, 526 (6th Cir.2005) (quoting United States v. Cotton, 535 U.S. 625, 632, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). However, there are “ ‘errors that should be presumed prejudicial if the defendant cannot make a specific showing of prejudice.’” United States v. Segines, 17 F.3d 847, 852 (6th Cir.1994) (quoting United States v. Olano, 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
Here, Douglas is capable of “mak[ing] a specific showing of prejudice,” id., and so prejudice is not presumed. Douglas could show that he was prejudiced by application of the career-offender enhancement by stating the Tennessee statute under which he was convicted. If a conviction under that statute does not qualify as a controlled-substanee offense, then he would have demonstrated prejudice from the improper application of the career-offender enhancement. But Douglas does not make this, or any other, argument that he satisfies the third prong of plain-error review. Nor does he present any argument that application of the career-offender enhancement “seriously affected the *380 fairness, integrity or public reputation of judicial proceedings.” Massey, 663 F.3d at 856. Because Douglas has not met his burden of showing that he is entitled to relief, I would affirm the sentence of the district court.