**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
─────────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CIPRIANO DOMINGUEZ-LEDESMA,

    Defendant-Appellant.

No. 15-2000
(D.C. No. 2:14-CR-03115-BB-1)
(D. New Mexico)

─────────────────────────────────

**ORDER AND JUDGMENT**[*]
─────────────────────────────────

Before **BRISCOE**, Chief Judge, **MURPHY**, and **BACHARACH**, Circuit Judges.
─────────────────────────────────

The defendant, Mr. Cipriano Dominguez-Ledesma, was convicted of illegal reentry after removal to another country. The guideline range was 46-57 months, and defense counsel asked for a 15-month sentence. The district court varied downward, but sentenced the defendant to 30 months rather than 15 months. According to the defendant, the district court mistakenly thought it could not vary downward to 15 months. Rejecting this contention, we affirm.

---

[*] The parties have asked us to decide the appeal based on the briefs, and we conclude that oral argument would not prove beneficial. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have declined to require oral argument.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

Both parties state that the abuse-of-discretion standard applies. We agree. The present claim involves reasonableness of the sentence, which would trigger the abuse-of-discretion standard. *See United States v. Begaye*, 635 F.3d 456, 461 (10th Cir. 2011).

The sentencing judge said:

- "I don't see that I can depart much further than what would have been the program under the fast track," and

- "I don't think I can depart down to 15 months."

Sent. Tr. at 8-9. From these statements, the defendant argues that the court must have mistakenly thought it could not vary downward as low as 15 months.

We disagree. The court showed an understanding of its authority by explaining that a 30-month sentence was necessary to reflect the seriousness of the offense, promote respect for law and order, and provide adequate deterrence. *Id.* at 8-9. In light of these statements, the district court did not indicate a misunderstanding of the authority to vary downward below 30 months. *See United States v. Landron-Class*, 696 F.3d 62, 78 (1st Cir. 2012) (holding that a district court's isolated comment did not show that the district court misunderstood its authority to consider the extent of the defendant's cooperation, notwithstanding the lack of a governmental motion for a downward departure); *United States v. Massey*, 663 F.3d 852, 856-58 (6th Cir. 2011) (holding that the district court's

2

isolated comment did not show that the district court had misunderstood its authority to vary downward from the guidelines).

Finally, Mr. Dominguez-Ledesma states that the 30-month sentence was longer than necessary. The government interprets this statement as a claim involving substantive reasonableness. The 30-month sentence fell below the guideline range, and Mr. Dominguez-Ledesma does not present any reason to regard the sentence as excessive.

Accordingly, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3