NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0827n.06

No. 15-1015

**FILED**
Dec 21, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BRIAN SEVREY, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    DAUGHTREY, ROGERS, and WHITE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  After defendant Brian Sevrey pleaded guilty to a charge of sexual exploitation of a child, the district judge sentenced him to 300 months in prison, to be followed by a lifetime of supervised release.  Sevrey now contends that the district court erred in denying him a three-level decrease in his adjusted Guidelines offense level for his acceptance of criminal responsibility.  He further asserts that the 300-month prison sentence is both procedurally and substantively unreasonable.  We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

At some time prior to April 3, 2014, the National Center for Missing and Exploited Children received a report from Google that an internet protocol (IP) address associated with 14 email accounts had been used to upload photographs containing child pornography.  The IP address was registered to the Escape Bar and Grill in Cadillac, Michigan, an establishment

located directly below defendant Sevrey's apartment. Further investigation revealed that, in February and March 2014, Sevrey used email accounts slammytammy33@gmail.com, tammyslammy2@gmail.com, tommysmith1580@gmail.com, and tammydorsey11@gmail.com to post on a Google+ account numerous images and videos that depicted naked, prepubescent girls masturbating, digitally penetrating themselves, or being touched or penetrated by adult males.

Based upon that information, law enforcement officials searched Sevrey's residence pursuant to a state warrant and recovered numerous items, including a digital camera. In initial conversations with the authorities, Sevrey denied having a computer or accessing the internet, other than to check baseball scores and his email. Later, however, he admitted that he did search for and post pornographic images and videos of prepubescent girls but, he claimed, only in an attempt to entice pedophiles to the site so that he could then report them to the police.

A subsequent forensic examination of the camera found in Sevrey's apartment led to the recovery of seven deleted photographs taken on November 9, 2013. Those photographs depicted "a 2 or 3 year old girl, naked, displaying her pubic area to the camera; spreading her vagina with her hands; and digitally penetrating herself." The girl was later identified as the defendant's granddaughter, with whom he had been babysitting on the date the photographs were taken.

The girl's mother later reported to the United States Probation Office that since November 9, 2013, the child continued the inappropriate touching, and one evening while watching television, "touched her vaginal area and stated, 'Papa do this!'" Although the evidence of his guilt of the crime for which he was charged was overwhelming, Sevrey attempted to put a more innocent spin on his actions. He testified at his change-of-plea hearing that "[his granddaughter] was going through a phase where she was touching herself and she was

discovering herself, and [he took additional] pictures to show [his] son and daughter-in-law that

she's still doing it." He explained that:

> I was babysitting her that day and [her parents] had neglected to bring some fresh
> clothes and she had accidentally wet herself, so I was washing her clothes. When
> I came back from throwing them in the dryer, she was on the couch touching
> herself, and I kept holding her hand back and she kept on doing it anyway.

In response to a question whether he then went to get his camera, Sevrey further explained that

he already had taken "probably . . . a hundred pictures of [his] granddaughter that day."

Despite the explanation Sevrey offered for his actions, law enforcement authorities noted

that "almost all" of the later pornographic images of other young girls that the defendant

uploaded to the internet "were exactly the type of images taken of the 2-year-old female child—

images of young girls naked and/or masturbating/digitally penetrating themselves, taken from an

angle focused [from below] towards the child's genitals." Furthermore, despite his claimed

justification for taking the photographs of his granddaughter, Sevrey never explained the need to

take as many as seven such photos nor why he failed to show the photos to the girl's parents or

express his concerns to them.

Given the preposterous explanations offered by Sevrey for his actions and his own

recognition that "nobody's going to believe" his accounts of why he photographed his

granddaughter in pornographic poses or uploaded sexually suggestive pictures of other young

girls to a Google+ account, the defendant entered into a plea agreement with the government.

Pursuant to that agreement, Sevrey admitted his guilt of the charge of sexual exploitation of a

child and waived many of his rights to perfect direct and collateral appeals of his conviction and

sentence. However, he specifically reserved the right to challenge any sentence that:

(1) exceeded the greater of the Guidelines range or the statutory mandatory minimum;

(2) incorrectly determined the Guidelines range; (3) exceeded the statutory maximum; or (4) was "based upon an unconstitutional factor, such as race, religion, national origin or gender."

Convinced that the plea was entered knowingly and voluntarily, the district court accepted Sevrey's admission of guilt. Then, after the preparation and revision of a presentence investigation report by the United States Probation Office, the district court held a sentencing hearing, at the conclusion of which it accepted the Probation Office's calculation that Sevrey should be sentenced under criminal history category I, at an offense level of 40, yielding an advisory Guidelines range of 292-365 months. However, because the statutory maximum sentence for the offense of conviction was 30 years, the district court determined that the effective Guidelines range actually was 292-360 months. Rejecting the defendant's argument that he was entitled to a three-level reduction in his offense-level calculation because of his acceptance of responsibility, the district judge imposed a prison term of 300 months, to be followed by lifetime supervised release. From those sentencing decisions, Sevrey now appeals.

## DISCUSSION

### Acceptance of Responsibility

In the first of his three challenges to the propriety of his 300-month sentence, Sevrey argues that the district court erred in denying him a three-level, acceptance-of-responsibility reduction in his Guidelines offense level. According to Sevrey, although it was "difficult for him to fully admit" the prurient intent behind his actions on November 9, 2013, he nevertheless pleaded guilty to the charged crime, fully admitting his involvement in the offense.

Section 3E1.1(a) of the United States Sentencing Guidelines allows for a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Furthermore, certain defendants who timely notify the

prosecution of their intent to plead guilty can, "upon motion of the government," be granted an additional one-level decrease in their sentencing ranges. U.S.S.G. § 3E1.1(b). Because "[a] district court's finding regarding acceptance of responsibility is a finding of fact," we review such a determination "under a clearly erroneous standard." *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1., cmt. n.5; *United States v. Angel*, 355 F.3d 462, 476 (6th Cir. 2004).

When seeking a sentence reduction for acceptance of responsibility, the defendant bears the burden of establishing, by a preponderance of the evidence, that he or she indeed has taken full responsibility for the crime committed. *United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir. 1995). Moreover, "[a] defendant who enters a guilty plea is not entitled to an adjustment under [§ 3E1.1] as a matter of right." U.S.S.G. § 3E1.1, cmt. n.3. Indeed, even "[a]n admission of regret for the result of criminal actions without a corresponding admission of criminal intent does not constitute acceptance of responsibility within the context of the Sentencing Guidelines." *Lutz*, 154 F.3d at 589.

In light of these sentencing principles, we conclude that the district court did not commit error—clear or otherwise—in denying Sevrey's request for a sentence reduction based upon his claimed acceptance of responsibility. True enough, Sevrey did enter a timely guilty plea to the offense charged; he did admit that he took photographs of his then-two-year-old granddaughter in pornographic poses; and he did express remorse for the pain he had caused his family. At no point during the change-of-plea hearing or the sentencing hearing, however, did Sevrey admit to the prurient, criminal motives underlying his actions. Instead, he steadfastly adhered to his

incredible explanations that he had posted child pornography on a Google+ account only to entrap pedophiles who might view the images, and that he had photographed his granddaughter's genitalia from a camera angle below the young child only in an effort to alert the girl's parents to her actions.

The district judge was able to view and evaluate Sevrey's testimony at the two hearings and clearly disbelieved his explanations of his motives. The hearing testimony showed that Sevrey never contacted the victim's parents about the genital touching that allegedly concerned him and never contacted law enforcement officials about the attempt to catch other pedophiles viewing the pornographic images of prepubescent girls. Those facts undermined the explanations offered by Sevrey to such an extent that the district court was justified in denying Sevrey's attempt to reduce his offense level through application of the Guidelines' acceptance-of-responsibility provisions.

## Procedural Reasonableness of Sentence

Sevrey also claims that his 300-month prison sentence is procedurally unreasonable because the district court relied upon a clearly erroneous fact in calculating an appropriate punishment. As has been well-established, "[w]e review a district court's sentencing determination, under a deferential abuse-of-discretion standard, for reasonableness." *United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008) (citation and internal quotation marks omitted). That reasonableness review "has both a procedural and a substantive component." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

However, when a party fails to object to a procedural error in response to the district court's invitation for objections, as here, we review the claim for plain error. *United States v. Lumbard*, 706 F.3d 716, 720-21 (6th Cir. 2013). Accordingly, to the extent Sevrey argues that the district court's reliance on a clearly erroneous fact constitutes a procedural error distinct from the district court's denial of his requested acceptance-of-responsibility reduction, we review for plain error. Under the plain-error standard, Sevrey must show that "(1) there is error; (2) the error was 'clear or obvious rather than subject to reasonable dispute'; (3) it affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) it seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

In this appeal, Sevrey highlights a comment made by the district court when discussing the propriety of granting a reduction in his offense level for acceptance of responsibility. He points to the district court's statement that "the salient issue here was there was not only sexual exploitation of this child, a hundred and some pictures of this child, but also that of a lot of others in a collection." According to Sevrey, that comment reflects the district court's mistaken belief that Sevrey took "a hundred and some" *lewd* photos of his granddaughter, not just the seven that were discussed by the government and defense counsel at the various hearings in this matter. Although the district court's comments could be interpreted as Sevrey suggests, the district judge never explicitly stated that all "hundred and some pictures of this child" were pornographic, only that Sevrey took "a hundred and some" photographs of his granddaughter,

some of which *were* sexually inappropriate and exploitative. Furthermore, at one point during the change-of-plea hearing, the district judge asked to see the photos recovered from Sevrey's camera. The record on appeal contains no evidence that the district judge was shown more than the seven pictures that provided the basis for Sevrey's arrest, or that anything other than those seven pictures (and the pornographic photos of other young girls that Sevrey uploaded) factored into the district court's sentencing decision.

Moreover, the number of pornographic images recovered from Sevrey's camera did not affect the district court's calculation of the relevant offense level. And, whether Sevrey took seven inappropriate photographs of his granddaughter or many times that number, the district court still would have denied the acceptance-of-responsibility reduction based upon Sevrey's denial of his true motivation in taking and viewing pornographic images of children.

**Substantive Reasonableness of Sentence**

Finally, Sevrey contends that his sentence was substantively unreasonable, both because it was more severe than necessary and because much shorter sentences have been imposed on other individuals guilty of more egregious acts of child sexual abuse. However, neither of these grounds fits within one of the four limited categories of challenges permitted by his appeal waiver. In particular, neither of these grounds constitutes a claim that the district court "incorrectly determined the final Guideline range." Because the defendant waived his right to contest his sentence on substantive-reasonableness grounds, Sevrey is precluded from pursuing this challenge on appeal.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.