**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 19a0173n.06**

**No. 18-3029**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 03, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| LORENZO YOUNG, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE:** CLAY, GRIFFIN, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Lorenzo Young was convicted after a jury trial of eight counts relating to the sex trafficking of minors and sentenced to life imprisonment. On appeal, he challenges only the substantive reasonableness of his sentence. Because he has failed to rebut the presumption that his within-Guidelines sentence was reasonable, we **AFFIRM**.

## I. BACKGROUND

Young was convicted of one count of conspiracy to engage in sex trafficking of minors, two counts of transportation of a minor with intent to engage in prostitution, three counts of sex trafficking of a minor, one count of conspiracy to obstruct a sex trafficking investigation, and one count of child exploitation enterprise. The evidence at trial was that, together with several co-conspirators, he procured commercial sex clients for two minors—14-year-old "A.S." and 16-year-old "S.S." After Young was arrested, he directed his girlfriend—who was also a member of this

conspiracy—to tell S.S. and her sister not to cooperate with law enforcement. As well, Young and his mother directed witnesses to delete evidence.

In the presentence report, the United States Probation Office calculated Young's offense level as 54 and his criminal history category as VI. Because the maximum offense level under the Guidelines is 43, his offense level was lowered to 43. *See* USSG Ch. 5, Pt. A, comment. (n.2). His advisory Guidelines range was life imprisonment. Young did not object to these calculations.

At sentencing, defense counsel argued that Young was not involved in "grooming" A.S. or S.S., and that he did not deserve a sentence of life imprisonment because he was not the "worst of the worst." Young then stated on his own behalf that a full picture of him had not been presented to the court; he was also "a devoted father" and a "hard worker." He continued: "Everybody looked at me as a monster when . . . all I really did was . . . look[] out for somebody who called out for help." Upon questioning from the court, Young confirmed that he believed he had helped one of the victims in this case by "tr[ying] to get her involved with somebody who could help her get some money." The district court sentenced Young to life imprisonment. This timely appeal followed.

## II.  ANALYSIS

Young does not raise any issues relating to his conviction and concedes that his sentence is procedurally reasonable. He argues only that his sentence of life imprisonment is substantively unreasonable because this sentence is substantially longer than the sentence given to his co-defendants and he is not the worst of the worst offenders.

We review the substantive reasonableness of sentences "under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In this circuit, within-Guidelines sentences are afforded a "presumption of reasonableness." *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). Though this presumption is rebuttable, "[a] defendant who

challenges a within-Guidelines sentence bears no small burden." *United States v. Massey*, 663 F.3d 852, 860 (6th Cir. 2011) (citation and internal quotation marks omitted).

Young's first argument for the substantive unreasonableness of his sentence fails because 18 U.S.C. § 3553(a)(6) "is not concerned with disparities between one individual's sentence and another individual's sentence, despite the fact that the two are co-defendants." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Certainly, a sentencing judge "*may* exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence." *Id.* at 624. But, although this may be the best practice, a district court is not required to do so. "Instead, § 3553(a)(6) is there to ensure nationally uniform sentences among like offenders . . . ." *Id.* And Young provides no reason to believe that his sentence is harsher than the national average for those convicted of similar crimes. That Young's co-conspirators received lesser sentences—based on their respective roles in the offense and guilty pleas—provides no basis for reversal of his sentence.

Young's second argument—that he is not the worst of the worst—fares no better. He is right that life imprisonment is an extrordinarily harsh sentence, given to only a small percentage of individuals convicted of federal crimes. Indeed, a sentence of life without parole foresakes entirely the ideal of rehabilitation, which is one of the factors the district court must consider in setting a sentence. *See* 18 U.S.C. § 3553(a)(2)(D). Young argues that "a term less than life would be appropriate and not demeaning to the serious nature of the crimes committed." But that a shorter sentence may have been within the district court's discretion does not mean that the actual sentence was an abuse of discretion. After sitting through the trial and considering the pertinent sentencing factors, the court determined that imposing a sentence within the Guidelines range was appropriate given Young's offense conduct, criminal history, and "lack of remorse." On this record, we see no reason to second-guess that conclusion.

## III.   CONCLUSION

Because Young has failed to rebut the presumption that his within-Guidelines sentence was substantively reasonable, we **AFFIRM** his sentence.