NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0032n.06

Case No. 17-5306

**FILED**
Jan 18, 2018
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MARSHALL GLEN JONES, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

**Before: MERRITT, MOORE, and BUSH, Circuit Judges**

**MERRITT, Circuit Judge.** Marshall Glen Jones appeals his above-guidelines sentence imposed after he pleaded guilty to failure to register under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). The advisory guidelines range was ten to sixteen months. The district court sentenced Jones to twenty-four months of imprisonment. Jones argues that the district court abused its discretion when it failed to consider the impact that his federal conviction would have on his pending state cases when sentencing him. For the reasons set forth below, we conclude that the record does not demonstrate that the district court committed any error, and we therefore **AFFIRM** Jones's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 1988, Jones abducted a young college student in Utah and repeatedly attempted to rape her. When he did not succeed, he forced the victim to perform oral sex on him while threatening her with a screwdriver. He was subsequently convicted of two felony counts of aggravated sexual assault in Utah. Jones was sentenced to serve a minimum of five years of

imprisonment on each count, with the sentences to run concurrently. He was also required to register as a sex offender for life.

Jones was released on parole on May 9, 2000. He violated his parole and it was revoked approximately one month later. He was again paroled on December 3, 2002. He violated parole again, and it was revoked two months later. He was sentenced to twelve years in prison as a result of the second violation.

Before he was released on September 17, 2015, Jones met with a probation officer who explained his registration obligations, which Jones acknowledged in writing. After his release, Jones spent two months at a halfway house. Then, he fled Utah and travelled to King George County, Virginia, and Kingsport, Tennessee. He did not update his registration in Utah as required or register in any other state. The Utah authorities requested the assistance of the United States Marshals Service in arresting him.

In Virginia, Jones assumed the identity of a friend, Michael Tracy Osborne. Jones was arrested after officers found him unconscious from a potential drug overdose in a vehicle on March 23, 2016. He was charged under his assumed identity with multiple drug offenses, resisting arrest, petit larceny, and obstructing justice. He was released on bond before his fingerprints could identify him as Jones and not Osborne.

Jones also travelled to Kingsport, Tennessee, where his parents live. On July 22, 2016, the United States marshals and Tennessee police officers found Jones driving a meat delivery truck. Jones was using the identity of Scott Morton and working as an independent meat distributor for Capital Meats. He attempted to resist arrest by ramming the Capital Meats truck into the marshals' vehicle. He lost control of the truck, and both vehicles crashed into the curb. Jones was subsequently arrested.

On December 5, 2016, Jones pleaded guilty to failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250(a). The presentence report calculated an advisory guidelines range of ten to sixteen months based on a total offense level of ten and a criminal history category of three. The statutory maximum term was ten years. The report also listed extensive disciplinary infractions by Jones while in prison.

Neither party objected to the advisory guidelines calculation. However, the government moved for upward departure or variance based on Jones's risk of recidivism and the danger he posed to the public. The government argued that the calculated range did not sufficiently account for the fact that Jones immediately fled from supervision after his release in Utah, used various aliases to avoid authorities, and committed several crimes while on the run. The government requested that the district court depart or vary upward to a range of fifteen to twenty-one months and sentence Jones at the top of that range. Jones opposed this request and asserted that a sentence within the recommended range would be sufficient because he would likely be punished for his conduct in cases that were pending against him in Utah, Virginia, and Tennessee.

The court proceeded to the question of an appropriate sentence, explaining that it needed to impose a sentence that was sufficient, but not greater than necessary, based on the factors listed in 18 U.S.C. § 3553(a). It noted the range of ten to sixteen months was advisory and explained the purposes behind the guidelines. The court decided to vary upward to a sentence of twenty-four months after considering the relevant factors.

The court began its analysis by examining the seriousness of the offense, noting that the original offense, while it occurred many years ago, was very serious. It found that the public had a strong interest in knowing where sex offenders live after they are released. It determined that Jones's criminal history exhibited a "lack of respect for authority and for the law," and noted his extensive disciplinary record in prison. The court also could not ignore the other criminal conduct Jones had engaged in between his release from prison and his arrest. Specifically, it observed that Jones's attempt to ram the marshals' vehicle while driving the meat truck had the potential to result in serious injury.

Then, the court turned to the need for specific and general deterrence. It found that the need for general deterrence was strong because the public needed to know that violating the Registration Act was a serious offense that was punishable by serious consequences. In light of Jones's history of repeatedly violating the law, the court concluded that it would require a "significant sentence to deter [him] specifically." While the court acknowledged that Jones might receive additional punishment in state court, it did not know whether there would in fact be any sanctions imposed in those jurisdictions. Further, it noted that it would be improper to

base a sentence in Jones's current case on the fact that Jones might be convicted in other pending cases.

The court also addressed the need to protect the public. It noted that Jones's immediate departure from Utah and his subsequent criminal conduct demonstrated that Jones continued to pose a danger to the public. It found that Jones was "solely culpable" when considering the nature and circumstances of the offense.

Finally, the court considered Jones's personal history and characteristics. It found that Jones went to prison at an early age, but had some family ties and support. While Jones had no diagnosed mental-health disorder, the court noted that the report from the sex offender treatment program concluded that he was at a very high risk to reoffend. The court also determined that there was a significant history of substance abuse.

Based on its consideration of the 18 U.S.C. § 3553(a) factors, the court concluded that an above-guidelines sentence of twenty-four months of imprisonment was necessary. It explained that a sentence within the advisory range would not be effective to promote respect for the law, provide specific deterrence, and protect the public. The court specifically took into account Jones's immediate departure from Utah, subsequent criminal conduct, history of disregarding the rules, and high risk of recidivism in imposing this sentence.

The court ordered that the federal sentence run consecutively to any state sentences that Jones might receive. It noted that the pending matters in Utah, Virginia, and Tennessee were unrelated to the federal case at hand, except for the fact that it all began with the same underlying offense. The judge stated that "[t]here is certainly no prohibition as far as being prosecuted both in state court and in federal court, certainly not when it's unrelated conduct; and the real question for me is what sentence is overall necessary here." Jones now appeals his sentence.

## II. ANALYSIS

### A. Standard of Review

Jones challenges his sentence on primarily two grounds. He argues that the district court abused its discretion when it (1) "failed to consider the impact Mr. Jones' federal conviction would have on his pending matters in three states" and (2) "sentenced [him] to a consecutive sentence fifty percent greater than the top of his guideline range." The government contends that

we should review the first argument for plain error because Jones failed to assert this objection at sentencing. However, it appears that Jones's counsel raised the issue—although not in a specific objection—at the sentencing hearing. Therefore, we review for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

"The [district] court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable." *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011). Procedural challenges include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *U.S. v. Johnson*, 640 F.3d 195, 201–02 (6th Cir. 2011) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). In reviewing for substantive reasonableness, we must consider the sentence imposed in light of "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. For sentences within the guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). However, we may not apply a presumption of unreasonableness to sentences outside the range. *United States v. Bolds,* 511 F.3d 568, 581 (6th Cir. 2007). Our duty is simply to determine whether the justification is sufficiently compelling to warrant the extent of the deviation while giving due deference to the sentencing judge. *Gall,* 552 U.S. at 50–51. "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* at 51.

## B. Analysis

Jones argues that his "federal conviction *compounds* the potential punishments" in his state cases. He states that the district court's failure to directly address the fact that the federal sentence could enhance his state sentences indicates that the court did not consider this when sentencing him. On the contrary, the record makes clear that this factor was within the court's contemplation. Jones's counsel referenced his pending state cases several times during the hearing. The court acknowledged that Jones may in fact face additional punishment in his state cases, but noted that those charges were still pending. It heard Jones's arguments that Virginia would be unlikely to dismiss any case where a federal case was also brought and that Utah would

impose a significant term for his third parole violation. However, the court did not believe that it was appropriate to base his federal sentence on what additional sentences might or might not be imposed. It was not required to speculate as to what effect Jones's federal conviction might have on his pending state cases in fashioning an appropriate sentence.

The court expressly considered the following 18 U.S.C. § 3553(a) factors: the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need to provide adequate deterrence; the need to protect the public; the nature and circumstances of the offense; the history and characteristics of the defendant; and the kind of sentence established by the guidelines. When considering the factors, the judge said to Jones:

> I don't know how to put this except to say that you are a threat to the public. You're a danger to the public: drug offenses, resisting arrest charges, aggravated assault charges, the fact that you absconded so quickly, the fact that there are multiple violations of parole, the fact that you have allegedly, at least, engaged in conduct that could have resulted in personal injury or harm to others.

The court went on to find that there were several factors not fully accounted for in the guidelines range—primarily the need to promote respect for the law, the need to protect the public, and to afford adequate deterrence. These factors combined with Jones's high risk of recidivism prompted the court to find that a sentence of twenty-four months of imprisonment, incorporating an eight-month upward departure, was appropriate.

In light of the district court's discussion of the relevant sentencing considerations and its rationale for imposing the upward variance, the court was not required to explain its consideration of the potential impact his federal conviction might have on Jones's pending state cases. We therefore conclude that Jones's sentence is procedurally reasonable.

We also review the substantive reasonableness of the sentence. To be reasonable, a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary[] to comply with the purposes of" the federal sentencing statute. *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008) (quotations omitted); *see* 18 U.S.C. § 3553(a). Jones argues that "[t]here need not be a

consecutive, 50% over the top of the guidelines federal sentence in order to protect the public or teach [him] to respect authority."

It is true that the district court added eight months to the upper-end of the guidelines range, an increase of approximately fifty percent. However, as explained above, the district court adequately addressed the § 3553(a) sentencing factors and provided a detailed rationale for why it imposed a sentence well below the statutory maximum of ten years but above the recommended guidelines range. A sentence of twenty-four months of imprisonment, incorporating an eight-month upward variance, is not substantively unreasonable. *See*, *e.g.*, *United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011) (affirming imposition of a fifteen-month upward departure upon revocation of supervised release to run consecutively to his twelve-year sentence for state convictions).

Taking into account the totality of the circumstances, the district court's imposition of the upward variance was sufficiently compelling and it did not abuse its discretion in sentencing Jones.

### III. CONCLUSION

In light of Jones's conduct and persistent law violation, his sentence is certainly reasonable. Therefore, we **AFFIRM**.