NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0134n.06

**No. 19-4276**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 15, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JOSEPH B. GRIFFITHS, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: McKEAGUE, GRIFFIN and NALBANDIAN, Circuit Judges.

GRIFFIN, Circuit Judge.

After defendant Joseph B. Griffiths pleaded guilty to robbing a bank, the district court imposed a below-Guidelines sentence of 144 months of imprisonment. Griffiths challenges the substantive reasonableness of his sentence and contends that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishments. Because Griffiths's sentence is substantively reasonable and does not contravene the Eighth Amendment, we affirm the district court's judgment.

I.

On April 11, 2019, Griffiths entered a bank, waited around for a few moments, and then approached a teller. He gave the teller a note, which said, "Robbery. I need $400 to pay a ransom." The bank employee—seemingly not understanding the note—asked Griffiths if he wanted to make a withdrawal, but he did not answer. The teller asked a co-worker if he understood the note. The

second teller asked Griffiths if he had an account at the bank or if he had some form of identification. After defendant did not respond to those questions, the second teller asked defendant if he was robbing the bank. Griffiths nodded in agreement, but then fled the bank with no money. Soon thereafter, law enforcement officials apprehended defendant in the parking lot of a different bank.

A grand jury indicted Griffiths for attempting to rob a bank, in violation of 18 U.S.C. § 2113(a) and (f). Griffiths pleaded guilty without a plea agreement. The probation officer filed a presentence investigation report ("PSR"). The PSR calculated defendant's total base offense level to be 29 and his criminal history category to be VI, which yielded a Guidelines imprisonment range of 151 months to 188 months. Griffiths did not object to the PSR or the Guidelines imprisonment range.[1]

The district court held a sentencing hearing and heard arguments from both parties. Agreeing with the PSR, the district court calculated defendant's Guidelines range to be 151 months to 188 months. After considering the 18 U.S.C. § 3553(a) factors and acknowledging the "push and pull" among them, the district court imposed a 144-month sentence, which was below the Guidelines range. Defendant "object[ed] to the sentencing in general." Griffiths timely appealed.

---

[1]Griffiths, however, did file two sentencing memoranda after the probation officer filed both the presentence investigation report and an addendum to it; the addendum indicated that neither the Government nor defendant had filed objections to the PSR. In his first sentencing memorandum, defendant asked the district court to "impose a minimum term of imprisonment pursuant to the proper sentencing guideline range." Additionally, Griffiths asked the district court to "consider a downward variance" given "the circumstances of the case and his mental health issues." Griffiths attached an expert report to his second sentencing memorandum. The report—prepared by a clinical and forensic psychologist—elaborated on defendant's mental illness.

II.

We review the substantive reasonableness of Griffiths's sentence under a deferential abuse-of-discretion standard.[2] *United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011). Usually, to obtain relief on a substantive reasonableness challenge, a defendant must show that the sentence was "selected arbitrarily," "based on impermissible factors," "fails to consider a relevant sentencing factor," or "gives an unreasonable amount of weight to any pertinent factor." *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011) (citation omitted). Additionally, when "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013) (citation omitted). Finally, a within-Guidelines sentence is presumed reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). So when a defendant attacks a below-Guidelines sentence as substantively unreasonable (as Griffiths does here), the sentence is presumed reasonable and a "defendant's task of persuading us that the more lenient sentence [that he received] is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Typically, we review a constitutional challenge—such as Griffiths's Eighth Amendment challenge—to a defendant's sentence de novo. *United States v. Young*, 847 F.3d 328, 362 (6th Cir. 2017). But when a defendant fails to preserve a constitutional attack on his sentence, as is the case here, we review the unpreserved constitutional attack for plain error.[3] *Id.* To survive plain

---

[2]Griffiths does not challenge the procedural reasonableness of his sentence.

[3]Griffiths does not contend that he preserved his Eighth Amendment challenge to his sentence.

error review, "a defendant must show that: (1) an error occurred in the district court; (2) the error was obvious or clear; (3) the error affected defendant's substantial rights; and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Dubrule*, 822 F.3d 866, 882 (6th Cir. 2016) (citation omitted).

### III.

Griffiths asserts that his sentence was substantively unreasonable because the district court improperly weighed two pertinent factors. According to defendant, the district court unreasonably gave too little weight to (1) the trivial nature of his offense conduct and (2) his severe mental illness. His arguments reduce to asking us to "balance the factors *di[f]ferently* than the district court did." *Adkins*, 729 F.3d at 571 (alteration in original and citation omitted). However, we lack the authority to grant such a request because "the manner in which a district court chooses to balance the applicable sentencing factors is beyond the scope of [our] review." *Id.* Moreover, the district court—multiple times—explicitly discussed the severity of Griffiths's mental illness and explained that the illness, along with other relevant factors (including defendant's extensive criminal history), was a part of the "push and pull" regarding whether Griffiths's sentence should be below, within, or above the Guidelines range. The district court ultimately imposed a sentence seven months *below* the Guidelines range, partially because of defendant's mental health issues. Nothing defendant identified in the record indicates that the district court gave "an unreasonable amount of weight to any pertinent factor." *Massey*, 663 F.3d at 857 (citation omitted). Accordingly, Griffiths has not rebutted the presumptive reasonableness of his below-Guidelines sentence and his substantive unreasonableness arguments fail.

IV.

A.

The Eighth Amendment prohibits "cruel and unusual punishments [from being] inflicted." U.S. Const. amend. VIII. The Amendment "does not require strict proportionality between the crime and sentence." *United States v. Marshall*, 736 F.3d 492, 504 (6th Cir. 2013). Rather, "[w]e apply a 'narrow proportionality principle' in considering [cruel and unusual punishment] claims, and will find unconstitutional only 'extreme sentences that are "grossly disproportionate" to the crime.'" *United States v. Sherrill*, 972 F.3d 752, 772 (6th Cir. 2020) (quoting *Young*, 847 F.3d at 363). Three factors guide our analysis of whether a sentence was so grossly disproportionate that it contravened the Eighth Amendment: "(1) 'the gravity of the offense and the harshness of the penalty'; (2) 'the sentences imposed on other criminals in the same jurisdiction'; and (3) 'the sentences imposed for commission of the same crime in other jurisdictions.'" *Id.* (quoting *United States v. Abdulmutallab*, 739 F.3d 891, 906 (6th Cir. 2014)). Typically, "our consideration turns on the first factor, as we reach the second and third 'only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" *Id.* (quoting *Abdulmutallab*, 739 F.3d at 906).

B.

1.

Defendant has the burden to demonstrate that the district court plainly erred regarding his unpreserved Eighth Amendment claim. *United States v. Graham*, 622 F.3d 445, 455 (6th Cir. 2010). Griffiths, however, does not even mention the plain error standard of review in his briefing, let alone try to engage with its requirements. At most, defendant offers arguments regarding the first requirement—the presence of an error. But Griffiths offers nothing concerning plain error review's other three requirements. Because defendant has the burden to demonstrate that the

district court plainly erred but offered no argumentation regarding three of the four requirements for surviving plain error review, we conclude that his Eighth Amendment claim fails as abandoned. *See United States v. Watson*, 716 F. App'x 499, 502 (6th Cir. 2017) (concluding that a claim did not survive plain error review because the defendant only offered a perfunctory argument); *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014) (concluding that a litigant abandoned an argument because the litigant failed to fully develop it).

2.

Even if Griffiths had not abandoned his Eighth Amendment claim, it would not have survived plain error review because both of his theories fail to show that the district court erred. First, he argues that although the core of the Eighth Amendment is that "'punishment for crime should be graduated and proportioned' to both the offender and the offense," *Miller v. Alabama*, 567 U.S. 460, 469 (2012) (citation omitted), "there is nothing 'proportional' about a 12-year sentence for *this* particular crime, meted out to *this* particular defendant." Defendant, however, is attempting to answer the wrong question. The relevant question is not whether the sentence was disproportionate to the crime; rather, the relevant question is whether the sentence is "*extreme*" and "'*grossly* disproportionate' to the crime." *Marshall*, 736 F.3d at 504–05 (emphases added) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003)). As the district court pointed out, according to the then-available Sentencing Commission data, the average national sentence for defendants in Griffiths's level VI criminal history category (which is the highest category) who committed Griffiths's crime (robbery) was 143 months. We would be hard pressed to characterize Griffiths's 144-month sentence—which was only *one month* above the national average and *seven months below* his Guidelines range—as "extreme" and "grossly disproportionate." *Id.* (quoting *Lockyer*, 538 U.S. at 72).

Griffiths also argues that the severity of his mental illness reduces his culpability such that his 12-year sentence violates the Eighth Amendment. To support this argument, defendant references Supreme Court cases that limit punishments that governments can impose on minors because juveniles are less culpable due to their less developed brains.[4] This argument fails for multiple reasons. As an initial matter, we "grant[] 'substantial deference' to the legislatures who determine the types and limits of punishments." *United States v. Moore*, 643 F.3d 451, 456 (6th Cir. 2011) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 999 (1991) (Kennedy, J., concurring)). Moreover, "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Id.* at 455 (alteration in original) (citation omitted). Here, the statutory maximum is 20 years, 18 U.S.C. § 2113(a), and Griffiths was only sentenced to 12 years. Next, "we have rejected the notion that even a defendant's reduced culpability as a result of a mental disability automatically 'transforms an otherwise constitutional sentence into an unconstitutional one.'" *Sherrill*, 972 F.3d at 774 (citation omitted). And we have even rejected defendant's specific version of the argument—reduced culpability due to mental illness. *Id.* Like the defendant in *Sherrill*, Griffiths "does not argue that he had a mental disability that affected his understanding of his conduct, and he offers no support for the notion that his sentence is unconstitutional simply because he had a history of mental health issues."[5] *Id.* Accordingly, defendant's argument that his mental illness rendered him insufficiently culpable fails.

---

[4]The Supreme Court cases Griffiths references are *Roper v. Simmons*, 543 U.S. 551 (2005); *Graham v. Florida*, 560 U.S. 48, 68 (2010); and *Miller v. Alabama*, 567 U.S. 460 (2012).

[5]According to the clinical and forensic psychologist who evaluated defendant, "Griffiths understood the serious nature of the charges to which he [pleaded] guilty." Moreover, the psychologist concluded that the "[p]sychological testing conducted for the purpose of [the] evaluation did not indicate the presence of a developmental handicap," although Griffiths's "intellectual abilities . . . appear[ed] to fall within the low average range."

Griffiths offers one more Eighth Amendment argument. He contends that his sentence is cruel and unusual because imprisoning him for 12 years would cause his mental illness to worsen. Defendant concedes that this is not a disproportionality argument. He makes no attempt, however, to connect his theory to the Eighth Amendment's text, its history, or its existing jurisprudence. Because Griffiths offers no explanation for why we should expand our existing jurisprudence to accommodate this new proffered basis for obtaining sentence relief under the Eighth Amendment, his argument fails. *See James v. Meow Media, Inc.*, 300 F.3d 683, 698 (6th Cir. 2002) (declining to extend our obscenity jurisprudence where the litigant's "arguments [were] not conceptually linked to our obscenity jurisprudence").

V.

For the forgoing reasons, we affirm the district court's judgment.